**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DR. JOSEPH G. CALDWELL**,<br>12479 State Route 104<br>Ashville, Ohio 43103,<br><br>Plaintiff,<br><br>v.<br><br>**KNOX ENERGY COOPERATIVE ASSOCIATION, INC.**,<br>c/o Anthony Desiato<br>4100 Holiday St. N.W. Suite 201<br>Canton, OH 44718<br><br>Defendant. | **Civil Action No.**<br><br>**Judge**<br><br>**Magistrate Judge**<br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Now comes Plaintiff Dr. Joseph Caldwell ("Dr. Caldwell") for his Complaint against Defendant Knox Energy Cooperative Association, Inc. ("Knox Energy"), avers and alleges as follows:

### I. INTRODUCTION

1. In early 2021, Knox Energy approached Dr. Caldwell and asked to purchase an easement across his property to build a natural gas transmission pipeline for a public use.

2. However, after realizing that purchasing the necessary property rights would take both time and resources, Knox Energy sought to circumvent the process by simply moving forward and installing the pipeline on Dr. Caldwell's property without permission or payment of compensation to Dr. Caldwell.

3. Knox Energy attempted to justify its unauthorized and unlawful actions by claiming it was installing the pipeline in a public right of way pursuant to a permit from ODOT.

4. But, the reality is that ODOT does not have an easement across Dr. Caldwell's property nor does ODOT have the right to use the subsurface of his property for a natural gas transmission line.

5. Moreover, the permit upon which Knox Energy purports to rely expressly disclaims the creation of any property right. Rather, the permit instructs that it "**is not a substitute for satisfying the rights or obligations of any other party who may have an interest in the underlying fee interest.**"

6. Thus, Knox Energy has taken Dr. Caldwell's property without just compensation and has violated Dr. Caldwell's constitutional rights. Dr. Caldwell is entitled to just compensation for the taking and attorneys' fees for the vindication of his rights.

## II. JURISDICTION AND VENUE

7. Dr. Caldwell restates the foregoing paragraphs as if fully rewritten herein.

8. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

9. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1367. Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by 42 U.S.C. § 1988.

10. Venue in this Court is proper under 28 U.S.C. § 1391(b) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III. PARTIES

11. Dr. Caldwell restates the foregoing paragraphs as if fully rewritten herein.

12. Dr. Caldwell owns approximately 77 acres of property located in Pickaway County, Ohio, known as Pickaway County tax parcel No. L-27-0-001-00-516-00 (the "Property"). The eastern boundary of the Property is the centerline of SR 104.

13. The Property's street address is 12479 SR 104, Ashville, OH 43103.

14. Knox Energy is a corporation organized under the laws of the State of Ohio that provides natural gas throughout Ohio.

15. Knox Energy acts through contractors to provide natural gas services throughout Ohio.

16. The State of Ohio has granted Knox Energy the power of eminent domain pursuant to R.C. 1723.01.

## IV. FACTS COMMON TO ALL CLAIMS

17. Dr. Caldwell restates the foregoing paragraphs as if fully rewritten herein.

18. The Property is part of a multi-generational family farm.

19. The Property contains a family home directly west of SR 104, as depicted in the aerial satellite image below:



20. In January of 2021, Knox Energy approached Dr. Caldwell, seeking to purchase an easement over the Property to construct a natural gas transmission pipeline. A land agent acting for Knox Energy sent Dr. Caldwell a document that, if executed, would allow Knox Energy to purchase a "Pipeline Right of Way" over the Property.

21. Dr. Caldwell never signed or approved this document.

22. On March 1, 2012, Dr. Caldwell asked Knox Energy's land agent to request the proposed easement for the property, including any surveys or depictions of the proposed pipeline route.

23. Knox Energy did not respond to this request.

-4-

24. Instead, on March 8, 2021, Knox Energy and/or its agents went onto the Property, including by the family home and on the driveway, and began constructing a pipeline on the Property without Dr. Caldwell's permission.

25. Dr. Caldwell immediately notified Knox Energy's land agent that he had not authorized any work to be performed on his Property or for anyone to access his Property. Dr. Caldwell instructed Knox Energy and those acting on its behalf to halt all activities on the Property.

26. Knox Energy and/or its agents knowingly and willfully continued to intrude on and install the pipeline on the Property despite Dr. Caldwell's instructions to the contrary.

27. Recognizing the value of the property rights Knox Energy sought in order to build its pipeline, Knox Energy's land agent called a lawyer for Dr. Caldwell after Knox Energy began its intrusion on the Property and left a voicemail explaining that Knox Energy wasn't "budgeted to pay everybody these big dollars for right of ways" to install the pipeline.

28. Knox Energy's land agent claimed that Knox Energy was installing the pipeline in what he called a public right of way on Dr. Caldwell's property and that Knox Energy had a permit to do so.

29. Dr. Caldwell had never seen a document granting a "public right of way" or highway easement over his Property and asked Knox Energy for documentation showing the extent of that claimed easement.

30. In response, Knox Energy, through its agents, forwarded what it claimed to be a permit from ODOT to install the pipeline on Dr. Caldwell's property.

31. In the permit, however, ODOT does not describe or identify what rights it claims to have over any of the Property.

32. The permit does expressly provide that it "is not a substitute for satisfying the rights or obligations of any other party who may have an interest in the underlying fee interest."

33. Thus, the permit did not, and could not, grant the right for Knox Energy to take the property rights held by Dr. Caldwell.

34. Despite repeated follow up requests for a copy of the claimed "public right of way" document, Knox Energy never produced any documents establishing a public right of way or highway easement over the Property.

35. Dr. Caldwell sent a public records request to ODOT asking for documentation of any alleged right of way over the Property.

36. ODOT did not provide any such documentation in its response.

37. Dr. Caldwell asked ODOT to "confirm whether or not ODOT has a copy of any easement concerning the property at 12479 SR 104, including without limitation, a highway easement."

38. On March 30, 2021, ODOT confirmed it did not:

Chris,

ODOT **does not have** any documentation regarding the right-of-way or any highway easement at the property location of 12479 SR 104.

Respectfully,

**Renee DeFord**
ODOT District 6 – *Public Information Office*
400 E William Street, Delaware, Ohio 43015
(P) 740.833.8226
transportation.ohio.gov


OHIO DEPARTMENT OF TRANSPORTATION

39. Given the lack of a documented public right of way or highway easement on the Property, let alone a public right of way that would permit private corporations to install a pipeline on the Property, Dr. Caldwell requested that Knox Energy compensate him for their taking of his Property.

40. Knox Energy refused to compensate Dr. Caldwell for the taking of his property rights.

41. Knox Energy and its agents completed the installation of the pipeline on the Property, which runs in part directly by the family home and its driveway, and the pipeline remains on the Property.

42. Knox Energy's actions and taking has caused Dr. Caldwell damages and has resulted in damage to the Property's market value.

**V.** <u>**CLAIMS FOR RELIEF**</u>

### **COUNT ONE: 42 U.S.C. § 1983**

### **TAKING OF PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

43. Dr. Caldwell restates the foregoing paragraphs as if fully rewritten herein.

44. The Fifth and Fourteenth Amendments of the United States Constitution guarantees Dr. Caldwell the right to be free from the taking of his private property without just compensation.

45. The State of Ohio has granted Knox Energy the power of eminent domain in order to install natural gas pipelines pursuant to Ohio R.C. 1723.01.

46. By entering onto and installing a permanent natural gas pipeline on the Property, Knox Energy has taken Dr. Caldwell's property interests under color of law in violation of the Fifth Amendment.

47. Dr. Caldwell's property interests are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution.

48. Knox Energy has failed to provide Dr. Caldwell compensation for taking his property rights.

49. Thus, Knox Energy took Dr. Caldwell's property rights without providing just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## COUNT TWO: 42 U.S.C. § 1983

### UNREASONABLE SEIZURE OF PROPERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

50. Dr. Caldwell restates the foregoing paragraphs as if fully rewritten herein.

51. Knox Energy's actions, through itself and its agents, in entering onto and installing a permanent natural gas pipeline on the Property has deprived Dr. Caldwell of his right to be free from unreasonable seizures guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

52. Knox Energy's seizure occurred in the area surrounding the family home on the Property.

53. Knox Energy's seizure is unlawful and unreasonable and constitutes an ongoing and continuing violation of the Fourth and Fourteenth Amendments.

54. As a direct and proximate result of Knox Energy's seizure, Dr. Caldwell has sustained and continues to sustain damages, including, but not limited to, damage to the land seized and the residual property, mental distress, attorneys' fees, and other damages.

## COUNT THREE: 42 U.S.C. § 1983

### DEPRIVATION OF PROPERTY AND LIBERTY INTERESTS WITHOUT DUE PROCESS OF LAW

55. Dr. Caldwell restates the foregoing paragraphs as if fully rewritten herein.

56. Knox Energy has deprived Dr. Caldwell of his property and liberty interests under color of law without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

57. Dr. Caldwell's property and liberty interests are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution.

58. Dr. Caldwell possesses a legitimate claim of entitlement and justifiable expectation in his property and liberty interests.

59. Dr. Caldwell possesses the right to notice and an opportunity to be heard on whether Knox Energy can deprive him of his property or liberty interests, including by using, occupying, or possessing his property interests.

60. Knox Energy's use, occupation, and possession of Dr. Caldwell's property interests has proximately caused the unconstitutional deprivation of his property and liberty interests without notice and an opportunity to be heard.

61. Knox Energy's acts in furtherance of its use, occupation, and possession of Dr. Caldwell's property interests were random and unauthorized without regard to the facts and circumstances of the case.

62. Available state remedies would not adequately compensate Dr. Caldwell for the losses he has suffered.

63. Accordingly, Dr. Caldwell has suffered the deprivation of his vested rights under the United States Constitution.

## COUNT FOUR: IN THE ALTERNATIVE - TRESPASS

64. Dr. Caldwell restates the foregoing paragraphs as if fully rewritten herein.

65. In the alternative to Count One, Knox Energy intentionally or recklessly entered onto the Property without Dr. Caldwell's permission, damaged the Property, and installed a permanent natural gas pipeline on the Property.

66. Knox Energy was not authorized to enter upon the Property, nor was it authorized to install a permanent pipeline on the Property.

67. Knox Energy's trespass is intentional, in bad faith, with conscious disregard for the rights of Dr. Caldwell.

68. Knox Energy's trespass is malicious, wanton, willful, reckless, and gross.

69. Knox Energy's trespass is ongoing, as its pipeline remains on the Property.

70. As a proximate and direct result of Knox Energy's ongoing trespass, Knox Energy has interfered with Dr. Caldwell's possession of his Property.

71. As a proximate and direct result of Knox Energy's ongoing trespass, Knox Energy has caused damages to Dr. Caldwell's Property.

72. As a direct and proximate result of Knox Energy's willful and bad faith trespass, Dr. Caldwell is entitled to ejectment, damages for temporary occupation, punitive damages, other remedies available at law or in equity, and attorneys' fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Joseph G. Caldwell seeks:

1. Compensatory and punitive damages;

2. Pre- and post-judgment interest;

3. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Ohio common law;

4. Any other declarative, injunctive, legal, or other equitable relief this Court deems just and appropriate.

Respectfully submitted,

Vorys, Sater, Seymour and Pease LLP

/s/  *Thomas H. Fusonie*
Thomas H. Fusonie (0074201), *Trial Attorney*
Daniel E. Shuey (0085398)
Christopher A. LaRocco (0093572)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio  43216-1008
Phone: (614) 464-6400
Fax: (614) 719-4630
thfusonie@vorys.com
deshuey@vorys.com
calarocco@vorys.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs requests a trial by jury on all issues so triable.

*/s/ Thomas H. Fusonie*
Thomas H. Fusonie