UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DR. JOSEPH G. CALDWELL,**

      **Plaintiff,**

      v.

**KNOX ENERGY COOPERATIVE ASSOCIATION, INC.,**

      **Defendant.**

CASE NO. 2:21-CV-5079
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KIM JOLSON

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Federal Claim (ECF No. 13), Plaintiff's Memorandum in Opposition (ECF No. 20), and Defendant's Reply (ECF No. 24). For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES WITHOUT PREJUDICE** to refiling in state court Plaintiff's state law trespass claim.

### I.

Plaintiff Dr. Joseph G. Caldwell owns and resides on approximately 77 acres of land located in Pickaway County, Ohio. He filed this action against Knox Energy Cooperative Association, Inc., a corporation organized under the laws of the State of Ohio that provides natural gas throughout Ohio and acts through contractors to provide natural gas services throughout Ohio.

In the Complaint, Plaintiff makes the following allegations:

"The State of Ohio has granted Knox Energy the power of eminent domain in order to install natural gas pipelines pursuant to [Ohio Revised Code §] 1723.01 [Appropriation of

Property by Certain Corporations]." (Compl. ¶¶ 16, 45.) Plaintiff avers that "Knox Energy has taken Dr. Caldwell's property ("the Property") without just compensation and has violated Dr. Caldwell's constitutional rights. *Id*. ¶ 6. Specifically, in "January of 2021, Knox Energy approached Dr. Caldwell, seeking to purchase an easement over the Property to construct a natural gas transmission pipeline. A land agent acting for Knox Energy sent Dr. Caldwell a document that, if executed, would allow Knox Energy to purchase a 'Pipeline Right of Way' over the Property." *Id*. ¶ 20. Dr. Caldwell asked for information about the proposed easement, to which he received no response.

On "March 8, 2021, Knox Energy and/or its agents went onto the Property, including by the family home and on the driveway, and began constructing a pipeline on the Property without Dr. Caldwell's permission." *Id*. ¶ 24. "Dr. Caldwell immediately notified Knox Energy's land agent that he had not authorized any work to be performed on his Property or for anyone to access his Property. Dr. Caldwell instructed Knox Energy and those acting on its behalf to halt all activities on the Property." *Id*. ¶ 25.

Plaintiff alleges that Knox Energy's land agent claimed that Knox Energy was installing the pipeline in what he called a "public right of way" on Dr. Caldwell's property and that Knox Energy had a permit to do so. Dr. Caldwell avers that he has never seen a document granting a "public right of way" or highway easement over his Property and asked Knox Energy for documentation showing the extent of that claimed easement." *Id*. ¶ 28.

Knox Energy obtained a permit from the Ohio Department of Transportation ("ODOT") that it claims provided it permission to install the pipeline on Dr. Caldwell's property over a right-of-way or highway easement. The permit specifically indicates that it "is not a substitute for satisfying the rights or obligations of any other party who may have an interest in the

2

underlying fee interest." *Id*. ¶ 32. ODOT also confirmed in writing that "ODOT does not have any documentation regarding the right-of-way or any highway easement at the property location of 12479 SR 104." *Id*. ¶ 38.

Plaintiff alleges that Defendant refused to compensate him for the taking of his property. Plaintiff filed this action, alleging violations of his constitutional rights under 42 U.S.C. § 1983 and a state law claim for trespass. Defendant moves for dismissal for failure to state a claim upon which relief can be granted, for failure to join a necessary party, and for discretionary declination of supplemental jurisdiction.

## II.

Defendant contends that Plaintiff has failed to state a federal claim upon which relief can be granted and it is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) of the federal claim. Alternatively, Defendant argues that it is entitled to dismissal under Rule 12(b)(7) for failure to join a necessary party. Because this Court agrees with the first proposition, it does not address the second.

**A.**     **Standard**

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

**B.     Analysis**

Plaintiff alleges unconstitutional taking under Section 42 U.S.C. § 1983, which provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 is the procedural vehicle through which a plaintiff may "vindicate the deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under color of state law." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005) (citing. *West v. Atkins*, 487 U.S. 42, 48 (1988)). To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) the defendant's conduct deprived the plaintiff of rights secured under federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

Defendant argues, *inter alia*, that it is not subject to suit under § 1983 because it was not acting under color of state law. For a private entity's actions to constitute "state action," the alleged infringement of federal rights must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). Under the "public function" test, the actions of a private entity or individual are fairly attributable to the state if the private party "exercises powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992).

Both parties agree that the state of Ohio grants certain operators of natural-gas pipelines the right to exercise the state's eminent-domain power. Ohio Rev. Code § 1723.01, *et seq*. The

4

appropriation referred to in § 1723.01 "shall be made in accordance with sections 163.01 to 163.22 of the Revised Code." Ohio Rev. Code § 1723.02. Before an agency may appropriate property, it must provide the affected property owner with a "Notice of Intent to Acquire." Ohio Rev. Code §§ 163.04, 163.041.

The Notice must:

- inform the property owner that the agency needs the property to accomplish a specific project;

- include a written, good-faith offer to purchase "based on [the agency's] determination of the fair market value";

- advise the property owner that she need not accept the offer, but that, if the parties cannot agree on terms, the agency "may have to exercise [its] eminent domain authority to appropriate [the] property"; and

- tell the property owner that she has the right to challenge in a court proceeding "whether the project is necessary," "whether the project is a public use," and "whether the agency's offer reflects the fair market value of the property."

Ohio Rev. Code § 163.041.

*Cox v. State of Ohio*, 3:16CV1826, 2016 WL 4507779, at *2 (N.D. Ohio Aug. 29, 2016).

Finally, in the instant action, the Property is located in Ashville, Ohio, which is a municipal corporation. Ohio Revised Code § 1723.03, states that § 1723.01 does "not confer power to appropriate any portion of, or confer any right in, any street, alley, highway, or other public way or land situated within any municipal corporation without such municipal corporation's consent."

Plaintiff alleges that Defendant exercised the power of eminent domain when it laid the pipeline on his property without his permission. Defendant argues that, just because it may have

5

the power of eminent domain under these Ohio statutes, it did not exercise that power and Plaintiff has alleged no facts to show that it did. This Court agrees.

Defendant points to a Sixth Circuit decision that is on point and dispositive. In *Cennamo v. Buckeye Rural Electric Coop.*, the plaintiff asserted federal and state claims to recover damages for the continued presence of Buckeye's electrical equipment on his property without his permission arguing that the action violated 42 U.S.C. § 1983. 620 F.2d 301 (6th Cir. 1980) (unpublished), 1980 U.S. App. LEXIS 18517 (April 18, 1980). "The coop, he alleged, effectively had exercised its statutorily granted eminent domain power without providing him just compensation, thus depriving him or property without due process of law." *Id*. at *2. The Sixth Circuit stated:

> The mere availability of eminent domain power -- unexercised by Buckeye -- does not constitute state action, as argued by Cennamo. The acquisition by Buckeye of the right to place and maintain equipment on Cennamo's farm did not constitute the exercise of the power of eminent domain or state action.

*Id*. at *3.

*Cennamo* presented the same situation that is before this Court. That is, even if Defendant possesses the right to exercise eminent domain, it did not exercise that right. Plaintiff alleges nothing from which a reasonable inference can be drawn that Defendant obtained the municipality's consent as required under Ohio Revised Code § § 1723.03. Nor did Plaintiff make any allegations to suggest that Defendant followed any of the procedures set forth in Ohio Revised Code §§ 163.04 and 163.041 as required by § 1723.02. Thus, Plaintiff has failed to allege sufficient facts to show that there is any state action and Plaintiff's § 1983 claim must fail.

As Defendant highlights, however, this does not leave Plaintiff without recourse for the allegations that Defendant trespassed on his land and caused him damages. As to that claim,

6

*Cennamo* directs that the state law claim should be remanded. This case was not removed, so this Court cannot remand, but instead must dismiss without prejudice to refiling in state court.

### IV.

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim filed under 42 U.S.C. § 1983 (ECF No. 13) and **DISMISSES WITHOUT PREJUDICE** to refiling in state court Plaintiff's claim of trespass. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**


**5/10/2022**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                            **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**